AO 245B (Rev. 09/08) Judgment in a Criminal Case
Sheet 1    Revised by WAED - 03/10

# UNITED STATES DISTRICT COURT
## Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

OCT 25 2010

JAMES R. LARSEN, CLERK
_____DEPUTY
RICHLAND, WASHINGTON

UNITED STATES OF AMERICA
V.
Luyen V. Doan

JUDGMENT IN A CRIMINAL CASE

Case Number:    2:09CR00015-001

USM Number:    12706-085

L. Craig Cary Smith
Defendant's Attorney

**THE DEFENDANT:**

☑ pleaded guilty to count(s)    1, 2, and 3 of the Information Superseding Indictment

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. § 841(a)(1) | Conspiracy to Possess with Intent to Distribute | 02/24/09 | 1ss |
| 21 U.S.C. § 854 | Investment of Illicit Drug Profits | 06/01/05 | 2ss |
| 21 U.S.C. § 856 | Maintaining a Drug-Involved Premises | 02/24/09 | 3ss |

The defendant is sentenced as provided in pages 2 through __8__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)    All Remaining Counts    ☐ is    ☑ are    dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

10/21/2010
Date of Imposition of Judgment

/s/ Edward F. Shea
Signature of Judge

The Honorable Edward F. Shea    Judge, U.S. District Court
Name and Title of Judge

October 25, 2010
Date

AO 245B    (Rev. 09/08) Judgment in Criminal Case
              Sheet 2 — Imprisonment

Judgment — Page  2  of  8

DEFENDANT:  Luyen V. Doan
CASE NUMBER:  2:09CR00015-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

92 months with respect to Count 1, 92 months with respect to Count 2 and 92 months with respect to Count 3. To be served concurrently with each other for a total term of imprisonment of 92 months.
Defendant shall receive credit for time served in federal custody prior to sentencing in this matter.

☑ The court makes the following recommendations to the Bureau of Prisons:

Defendant shall participate in the BOP Inmate Financial Responsibility Program.
Court recommends placement of defendant in the BOP Facility at Sheridan, Oregon for placement in a BOP approved 500 hour substance abuse treatment program.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____.

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____.

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B  (Rev. 08/09) Judgment in a Criminal Case
Sheet 3 — Supervised Release

DEFENDANT: Luyen V. Doan
CASE NUMBER: 2:09CR00015-001

Judgment—Page 3 of 8

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :    5 year(s)

with respect to Count 1, 3 years with respect to Count 2 and 3 years with respect to Count 3. To be served concurrently with each other for a total term of supervised release of 5 years.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- [ ] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

- [x] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

- [x] The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

- [ ] The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

- [ ] The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B     (Rev. 08/09) Judgment in a Criminal Case
            Sheet 3C — Supervised Release

Judgment—Page **4** of **8**

DEFENDANT: Luyen V. Doan
CASE NUMBER: 2:09CR00015-001

## SPECIAL CONDITIONS OF SUPERVISION

14. Defendant shall provide the supervising officer with access to any requested financial information, including authorization to conduct credit checks and obtain copies of defendant's Federal income tax returns. Defendant shall disclose all assets and liabilities to the supervising officer. Defendant shall not transfer, sell, give away, or otherwise convey any asset, without the advance approval of the supervising officer.

15. Defendant shall submit defendant's person, residence, office, or vehicle to a search, conducted by a U.S. probation officer, at a sensible time and manner, based upon reasonable suspicion of contraband or evidence of violation of a condition of supervision. Failure to submit to search may be grounds for revocation. Defendant shall warn persons with whom defendant shares a residence that the premises may be subject to search.

16. Defendant shall undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare. Defendant shall contribute to the cost of treatment according to defendant's ability to pay. Defendant shall allow full reciprocal disclosure between the supervising officer and treatment provider.

17. Defendant shall abstain from the use of illegal controlled substances, and shall submit to urinalysis testing, as directed by the supervising officer, but no more than six tests per month, in order to confirm continued abstinence from these substances.

18. Defendant shall abstain from alcohol and shall submit to testing (including urinalysis and Breathalyzer), as directed by the supervising officer, but no more than six tests per month, in order to confirm continued abstinence from this substance.

19. Defendant shall not enter into or remain in any establishment where alcohol is the primary item of sale.

AO 245B   (Rev. 08/09) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page 5 of 8

DEFENDANT: Luyen V. Doan
CASE NUMBER: 2:09CR00015-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $300.00 | $0.00 | $0.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| TOTALS | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

   ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses comitted on or after September 13, 1994, but before April 23, 1996.

AO 245B   (Rev. 08/09) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page 6 of 8

DEFENDANT: Luyen V. Doan
CASE NUMBER: 2:09CR00015-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A   ☐ Lump sum payment of $ _____ due immediately, balance due

   ☐ not later than _____ , or
   ☐ in accordance   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B   ☑ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C   ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D   ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E   ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   ☑ Special instructions regarding the payment of criminal monetary penalties:

   Defendant shall participate in the BOP Inmate Financial Responsibility Program.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

   Case Numbers (including defendant number) and Defendant and Co-Defendant Names, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:

   See " Additional Forfeited Property" Sheet.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: Luyen V. Doan
CASE NUMBER: 2:09CR00015-001

## ADDITIONAL FORFEITED PROPERTY

1) Parcel Number 48N04W084800, Vacant Land in Kootenai County, Idaho: NW-SE lying N of Road, Section 08, Township 48N, Range 04W. Together with all appurtenances, fixtures, attachments thereto and thereupon. Subject to covenants, conditions, restrictions, reservations, easements and agreements of record, if any.

2) Parcel Number 46292.9077, Vacant Land in Spokane County, Washington: That part of the Southwest Quarter of the Northwest Quarter of Section 29, Township 26 North, Range 44 East, W.M., described as follows: Beginning at the Northwest corner of said Southwest Quarter of the Northwest Quarter of Section 29; Thence North 89E57 East, along the North line of said Southwest Quarter of the Northwest Quarter of Section 29, 995.8 feet; Thence South 3E06' East, 512.6 feet; Thence South 89E51' West, 1020.8 feet, more or less, to the West line of said Section 29; Thence North 0E20' West, along the West line of said Section 29, 513.6 feet to the Point of Beginning.

EXCEPT Right of Way for Bruce Road;

AND EXCEPT for the following described parcel: Beginning at the Northwest corner of said Southwest Quarter of the Northwest Quarter of Section 29; Thence North 89E57' East, along the North line of said Southwest Quarter of the Northwest Quarter of said Section 29, 995.8 feet; Thence South 3E06' East, 256.3 feet to the True Point of Beginning; Thence South 3E06' East, 256.3 feet; Thence South 89E51' West, 1,020.8 feet, more or less to the West line of said Section 29; Thence North 0E20' West, along the West line of said Section 29 to Point of Intersection of said West line with the East boundary line of Bruce Road; Thence generally Northeasterly measured along the East boundary line of said Bruce Road, a distance of 30 feet to a point; Thence on a line drawn at a 45E angle from the West line of said Section 29 and running through the above-described point on the East boundary of Bruce Road, Southeasterly to a point where said line intersects with a straight line drawn Westerly from the True Point of Beginning of this description; Thence Easterly along said straight line to the True Point of Beginning.

Situate in the County of Spokane, State of Washington. Together with all appurtenances, fixtures, attachments thereto and thereupon. Subject to covenants, conditions, restrictions, reservations, easements and agreements of record, if any.

3) Parcel Number 1507401, Vacant Land, described as E2 NW4 NW4, in Stevens County, Washington E1/2 NW1/4 NW1/4 Section 4, Township 28 North, Range 36 East, W.M., Stevens County, Washington. Together with all appurtenances, fixtures, attachments thereto and thereupon. Subject to covenants, conditions, restrictions, reservations, easements and agreements of record, if any.

4) Parcel Number 1507425, Vacant Land, described as W2 NW4 NW4, in Stevens County, Washington W1/2 NW1/4 NW1/4 Section 4, Township 28 North, Range 36 East, W.M., Stevens County, Washington. Together with all appurtenances, fixtures, attachments thereto and thereupon. Subject to covenants, conditions, restrictions, reservations, easements and agreements of record, if any.

5) Parcel Number 1507450, Vacant Land, described as W2 SW4 NW4, in Stevens County, Washington W1/2 SW1/4 NW1/4 Section 4, Township 28 North, Range 36 East, W.M., Stevens County, Washington. Together with all appurtenances, fixtures, attachments thereto and thereupon. Subject to covenants, conditions, restrictions, reservations, easements and agreements of record, if any.

6) Parcel Number 1507475, Vacant Land, described as E2 SW4 NW4, in Stevens County, Washington E1/2 SW1/4 NW1/4 Section 4, Township 28 North, Range 36 East, W.M., Stevens County, Washington. Together with all appurtenances, fixtures, attachments thereto and thereupon. Subject to covenants, conditions, restrictions, reservations, easements and agreements of record, if any.

7) Parcel Number 1507501, Vacant Land, described as E2 NE4 NE4, in Stevens County, Washington. E1/2 NE1/4 NE1/4 Section 5, Township 28 North, Range 36 East, W.M., Stevens County, Washington. Together with all appurtenances, fixtures, attachments thereto and thereupon. Subject to covenants, conditions, restrictions, reservations, easements and agreements of record, if any.

8) Parcel Number 1507520, Vacant Land, described as W2 NE4 NE4, in Stevens County, Washington W1/2 NE1/4 NE1/4 Section 5, Township 28 North, Range 36 East, W.M., Stevens County, Washington. Together with all appurtenances, fixtures, attachments thereto and thereupon. Subject to covenants, conditions, restrictions, reservations, easements and agreements of record, if any.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
            Sheet 6B — Schedule of Payments

DEFENDANT: Luyen V. Doan
CASE NUMBER: 2:09CR00015-001

Judgment—Page 8 of 8

# ADDITIONAL FORFEITED PROPERTY

9) Parcel Number 1507540, Vacant Land, described as NW4 NE4, ls s 80', in Stevens County, Washington NW1/4 NE1/4 less the South 80.00 feet Section 4, Township 28 North, Range 36 East, W.M., Stevens County, Washington. Together with all appurtenances, fixtures, attachments thereto and thereupon. Subject to covenants, conditions, restrictions, reservations, easements and agreements of record, if any.

10) Parcel Number 1507560, Vacant Land, described as W2 SE4 NE4, in Stevens County, Washington W1/2 SE1/4 NE1/4 Section 5, Township 28 North, Range 36 East, W.M., Stevens County, Washington. Together with all appurtenances, fixtures, attachments thereto and thereupon. Subject to covenants, conditions, restrictions, reservations, easements and agreements of record, if any.

11) Parcel Number 1507580, Vacant Land, described as E2 SE4 NE4, in Stevens County, Washington E1/2 SE1/4 NE1/4 Section 5, Township 28 North, Range 36 East, W.M., Stevens County, Washington. Together with all appurtenances, fixtures, attachments thereto and thereupon. Subject to covenants, conditions, restrictions, reservations, easements and agreements of record, if any.

12) Parcel Number 1507601, Vacant Land, described as S 80' NW4 NE4; N2 SW4 NE4, ls s 80', in Stevens County, Washington South 80.00 feet of the NW1/4 NE1/4; along with the N1/2 SW1/4 NE1/4 less the South 80.00 feet, Section 5, Township 28 North, Range 36 East, W.M., Stevens County, Washington. Together with all appurtenances, fixtures, attachments thereto and thereupon. Subject to covenants, conditions, restrictions, reservations, easements and agreements of record, if any.

13) 1388 B Pingston Creek Road, Kettle Falls, Washington #KPC-S: The South half of Government Lot 1 in Section 4, Township 36 North, Range 38 East, W.M., in Stevens County, Washington Together with all appurtenances, fixtures, attachments thereto and thereupon. Subject to covenants, conditions, restrictions, reservations, easements and agreements of record, if any. Assessor's Parcel Number: 1902950.

14) 5475 Peggy Way, Deer Park, Washington Lot 1 of Short Plat No. SP 225-99, located in Section 1, Township 27 North, Range 41 East, W.M., in Stevens County, Washington, according to Plat recorded July 20, 2000, under Auditor's File No. 20000006950. Together with all appurtenances, fixtures, attachments thereto and thereupon. Subject to covenants, conditions, restrictions, reservations, easements and agreements of record, if any. Assessor's Parcel Number: 5101230.