PROB 12C
(6/16)

Report Date: December 28, 2017

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 02, 2018

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Luyen V. Doan    Case Number: 0980 2:09CR00015-EFS-1

Address of Offender:    Spokane, Washington 99207

Name of Sentencing Judicial Officer:  The Honorable Edward F. Shea, Senior U.S. District Judge

Date of Original Sentence: October 21, 2010

Original Offense:    Conspiracy to Distribute 1,000 or More Kilograms of Marijuana, a Schedule I Controlled Substance, 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A)(vii); Investment of Illicit Drug Profits, 21 U.S.C. § 854; Maintaining Drug-Involved Premises, 21 U.S.C. § 856(a)(2); Forfeiture, 21 U.S.C. § 853;

Original Sentence:    Prison - 92 months;    Type of Supervision: Supervised Release
TSR - 60 months

Asst. U.S. Attorney:   Russell E. Smoot    Date Supervision Commenced: November 7, 2014

Defense Attorney:   Federal Defenders Office    Date Supervision Expires: November 6, 2019

## PETITIONING THE COURT

To issue a summons and to incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court on 09/26/2017 and 12/15/2017.

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation Number    Nature of Noncompliance

3    **Standard Condition # 3**: The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

**Supporting Evidence**: On November 7, 2014, Mr. Luyen Doan signed his conditions of supervision relative to case number 2:09CR00015-EFS-1, indicating that he understood all conditions as ordered by the Court. Specifically, Mr. Doan was made aware by his U.S. probation officer of the condition requiring that he answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

On December 20, 2017, Mr. Doan violated the above-stated condition of supervision by failing to follow the instructions of the assigned probation officer. On that date, this officer attempted to contact Mr. Doan at his residence, but was unsuccessful. The undersigned officer's business card was left in the front door of the home with specific instructions written on the back for Mr. Doan to "contact me immediately." As of this date, the offender has failed to contact this officer as instructed.

Prob12C
Re: Doan, Luyen V.
December 28, 2017
Page 2

On December 26, 2017, this officer also attempted to contact the offender via a phone call and text message as Mr. Doan had failed to contact the undersigned officer as instructed. Both attempts were unsuccessful. Subsequent attempts to contact him were also made via telephone, on December 27 and 28, 2018. On each occasion, the call was not answered and this officer was not allowed to leave a voice mail before the call was disconnected.

4      **Special Condition # 18**: You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider.

**Supporting Evidence**: On November 7, 2014, Mr. Luyen Doan signed his conditions of supervision relative to case number 2:09CR00015-EFS-1, indicating that he understood all conditions as ordered by the Court. Specifically, Mr. Doan was made aware by his U.S. probation officer of the condition requiring that he participate in and successfully complete an approved substance abuse treatment program.

Mr. Doan violated the above-stated condition of supervision by failing to report for substance abuse treatment as instructed on December 20, 22 and 27, 2017.

On December 13, 2017, this officer notified the offender that his treatment plan was being revised due to his recent drug use. Mr. Doan was advised that he would now be required to attend treatment three times per week. This officer instructed him to contact Pioneer Human Services (PHS) to obtain his updated treatment schedule, to which he responded that he would contact them "within the next 30 minutes."

On December 18, 2017, the offender met with his counselor at PHS for a one-on-one session. At that time, Mr. Doan was informed by his counselor that he was now required to attend treatment three times each week, resulting from his recent drug use. He was advised by his counselor that his updated treatment schedule would be effective December 20, 2017.

On December 27, 2017, Mr. Doan contacted PHS and left a voice mail stating that he had failed to report for treatment on that date because he had overslept. The offender did not contact PHS or the undersigned officer to discuss his failure to report for treatment on December 20 and December 22, 2017.

5      **Special Condition # 19**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: On November 7, 2014, Mr. Luyen Doan signed his conditions of supervision relative to case number 2:09CR00015-EFS-1, indicating that he understood all conditions as ordered by the Court. Specifically, Mr. Doan was made aware by his U.S. probation officer of the condition requiring that he submit to random urinalysis as directed.

Prob12C
**Re: Doan, Luyen V.**
**December 28, 2017**
**Page 3**

Mr. Doan violated the above-stated condition of supervision by failing to report for phase urinalysis testing at Pioneer Human Services (PHS) on October 25 and 26, November 13 and 29, and December 20, 2017.

On October 25 and 26, November 13 and November 29, 2017, the offender's assigned phase urinalysis color, "Brown 1", was identified for testing. Mr. Doan failed to report for urinalysis testing on all of the above-listed dates.

On December 20, 2017, Mr. Doan violated the above-stated condition of supervision by failing to report for phase urinalysis testing at Pioneer Human Services. On this date, the offender's assigned phase urinalysis color, "Brown 1", was identified for testing. Mr. Doan reported for urinalysis testing at 6:58 p.m. According to PHS staff, the defendant signed in then departed from the lobby to walk over to Taco Bell, despite the fact that urinalysis testing ends promptly at 7:00pm. Mr. Doan returned after 7:00 p.m., at which time he was notified by staff of PHS that he could not be tested because he had left the premises before providing a sample, which is prohibited.

The U.S. Probation Office respectfully recommends the Court to incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court, and that the Court issue a summons requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 12/28/2017

s/Amber M.K. Andrade

Amber M.K. Andrade
U.S. Probation Officer

THE COURT ORDERS

[ ]   No Action
[ ]   The Issuance of a Warrant
[X]   The Issuance of a Summons
[X]   The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ]   Defendant to appear before the Judge assigned to the case.
[X]   Defendant to appear before the Magistrate Judge.
[ ]   Other

*Edward F. Shea*

Signature of Judicial Officer
December 29, 2017
Date